IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Roger O'Neill Bostick, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> Warden of Broad River ) <br> Correctional Institution, ) <br> ) <br> Respondent. ) <br> ) | Civil Action No.8:07-727-JFA-BHH <br><br> **REPORT AND RECOMMENDATION** <br> **OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner, seeks relief pursuant to Title 28, United States Code, Section 2254. This matter is before the Court on the respondent's motion for summary judgment (Docket Entry #14).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on March 15, 2007. On July 20, 2007, the respondent filed a return and moved for summary judgment. By order filed July 23, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On August 28, 2007, the petitioner filed a response to the respondent's motion.

**PROCEDURAL FACTS**

The petitioner is a state prisoner currently housed at the Broad River Correctional Institution. In October 1999, the Jasper County Grand Jury indicted the petitioner for murder. Attorney C. Russell Keep, III, represented the petitioner at trial. On September 21-23, 2001, the petitioner was tried before a jury with the Honorable Steven H. John presiding. The jury found the petitioner guilty of murder, and he was sentenced to thirty

years imprisonment. (Pet. 2.) The petitioner did not file a direct appeal. On March 27, 2002, the petitioner filed an application for post-conviction relief ("PCR") raising the following grounds for relief:

>  1. Ineffective assistance of counsel;
> 
>  2. Subject matter jurisdiction; and
> 
>  3. Actual innocence. Suppression of evidence due to Fourth Amendment violation.

(App. pp. 1-7.) Subsequently, the petitioner filed a supplemental application for PCR in which he raised the following grounds for relief:

> 1. Does the Court have subject matter jurisdiction to hear evidence on and decide whether the Applicant's sentence and conviction violates the Applicant's rights under due process and equal protection of the law?
>
> 2. Does the Court have subject matter jurisdiction . . . to hear evidence on and decide whether the Applicant's due process and equal protection of the law and constitutional rights were violated?
>
> Ineffective Assistance of Counsel
>
> 1. Counsel failed to investigate the so-called statement that was given by Latrell Polite (sic) to the Sheriff's Department;
>
> 2. Counsel failed under the confrontation clause to make sure that the Applicant confronted the witnesses against him;
>
> 3. Counsel failed to investigate the so-called evidence that was illegally seized by the Sheriff's Department;
>
> 4. Counsel failed to investigate the warrantless search and seizure;
>
> 5. Counsel failed to interview Latrell Polite (sic);
>
> 6. Counsel also failed to get a statement from Latrell Polite (sic) for the defense;

> 7. Counsel failed to ask the Court to suppress the statement of Latrell Polite (sic);
>
> 8. Counsel failed to ask the Court to suppress the illegally seized evidence from the warrantless search and seizure;
>
> 9. Counsel failed to file within the courts for a direct appeal;
>
> 10. Counsel informed Applicant's wife . . . that Applicant wasn't entitled to a direct appeal; and
>
> 11. [Applicant's wife] will testify on the behalf of the Applicant.

(App. 8-26.)   On May 27, 2004, the petitioner filed another amended application for PCR through appointed counsel. The petitioner incorporated his prior allegations and additionally alleged that trial counsel was ineffective for placing the petitioner's character in evidence. (App. 32-36.)

On June 1, 2004, an evidentiary hearing was held before the Honorable B. Hicks Harwell.  The petitioner and his attorney Kelly were present at the hearing.  On August 18, 2004, Judge Harwell denied the petitioner relief and dismissed his application for PCR.  The petitioner appealed.  On October 4, 2005, the petitioner filed a petition for a writ of certiorari raising the following issues:

> Was trial counsel ineffective for placing petitioner's character in evidence, thereby opening the door to otherwise inadmissible character evidence from the state?
>
> Is petitioner is (sic) entitled to a belated appeal under White v. State, and did the lower court erred (sic) by not specifically addressing this claim as required by the PCR statute, and by not granting petitioner a belated appeal?

(Pet. for Writ of Cert. at 2.)   On January 31, 2007, the South Carolina Supreme Court denied the petitioner's petition for a writ of certiorari, and sent the remittitur down on February 16, 2007.

On March 15, 2007, the petitioner filed this habeas petitioner raising the following grounds:

> **GROUND ONE:** Ineffective assistance of counsel
> **SUPPORTING FACTS:** Trial counsel was ineffective: for failure to investigate a statement made by a witness or interview her, or to get her statement (Latrell Polite).  Counsel failed to object to the use of evidence that was obtained from warrantless search and seizure. Counsel failed to file for direct appeal, telling Petitioner's family there could be no appeal.  Counsel was ineffective for placing Petitioner's character in evidence, opening the door to inadmissible character evidence from the State.
>
> **GROUND TWO:** Trial Court lacked subject matter jurisdiction to try and sentence Petitioner.
> **SUPPORTING FACTS:** The indictment charging the petitioner with murder states "the cause of death as blunt force trauma." The State knew right after the autopsy that the cause of death was carbon monoxide toxicity. This was testified to at trial creating a fatal variance between the indictment and the evidence produced at trial, denying him full notice of the charges. And bringing to trial on an indictment that was false in facts and illegal.
>
> **GROUND THREE:** Actual innocence
> **SUPPORTING FACTS:** In this case there is substantial legal evidence submitted at bar by eyewitness that provides "reasonable doubt" that Petitioner committed this crime. In fact 4 eyewitness testified at trial to seeing Rudy Polite (deceased son) at the scene of the crime prior to, after and during the time the crime was committed.  But he was never investigated.
>
> **GROUND FOUR:** Petitioner is entitled to a belated appeal.
> **SUPPORTING FACTS:** The lower court erred in not addressing this claim as required by statute. Trial counsel mislead Petitioner and his family by telling them "that his jury trial was not appealable."

(Pet. 5-6.)

## **APPLICABLE LAW**

**SUMMARY JUDGMENT STANDARD**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient

5

to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

**Standard of Review in § 2254 Petitions**

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," a petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, " '[a] federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Humphries v. Ozmint*, 397 F.3d 206, 216 (4th Cir. 2005) (*quoting Williams v. Taylor*, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." *Id.* "Thus, to grant [a] habeas petition, [the court]

6

must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." *McHone v. Polk*, 392 F.3d 691, 719 (4th Cir. 2004).

## **DISCUSSION**

**Exhaustion**

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim. The United States Supreme Court has consistently enforced the exhaustion requirement.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: direct appeal and PCR. In a federal habeas action, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim.

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. *Smith v. Murray*, 477 U.S. 527, 533 (1986). A petitioner can bypass a procedural bar if he can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Additionally, a petitioner may rely on the doctrine of actual innocence. "Actual innocence" is not an independent claim, but only a method of excusing default. *O'Dell v.*

*Netherland,* 95 F.3d 1214, 1246 (4th Cir. 1996). To prevail under this theory, a petitioner must produce new evidence which was not available at trial to establish his factual innocense. *Royal v. Taylor,* 188 F.3d 239 (4th Cir.1999).

Additionally, the court notes that in *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995), the Fourth Circuit Court of Appeals held that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court stated that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. Thus, once a court has determined that a claim is procedurally barred, it should not stray into other considerations.

The respondent concedes that the issue raised in Ground Four is exhausted. However, the respondent contends that several of the issues asserted in Ground One and the issues raised in Grounds Two and Three were not exhausted. Whether the petitioner has exhausted each claim is discussed below.

**GROUND ONE**

In Ground One, the petitioner alleges trial counsel was ineffective for the following reasons: 1) "failure to investigate a statement made by a witness or interview her, or to get her statement;" 2) "[failure] to object to the use of evidence that was obtained from warrantless search and seizure;" 3) failure to file for direct appeal; and (4) for placing the petitioner's character in evidence and thus opening the door to character evidence from the State. (Pet. 5-6.) The respondent contends that the petitioner has not exhausted the first and second of these issues because he did not raise these issues in his petition for writ of certiorari in state court.

In his response to the respondent's summary judgment motion, the petitioner agrees the first and second issues were not exhausted, but he alleges he can show cause and prejudice based upon PCR counsel's failure to raise these issues in the petition for writ of

certiorari.  (Pet.'s Mem. Opp. Summ. J. Mot. at 2.)  To the extent he now blames his PCR counsel for the default, that would not provide cause to excuse the default as he does not have a constitutional right to effective assistance of PCR counsel.  *Coleman v. Thompson*, 501 U.S. at 752 (rejecting finding cause to excuse default on ineffective assistance of counsel where no constitutional guarantee of effective assistance existed); *Mackall v. Angelone*, 131 F.3d 442, 448 (4th Cir. 1997) ("in order to constitute cause, attorney error must amount to constitutionally ineffective assistance of counsel and that this standard could not be satisfied in the absence of a constitutional right to counsel").  Accordingly, the first and second issues raised within Ground One are barred.

In the third issue raised in Ground One, the petitioner alleges trial counsel was ineffective for failing to file a direct appeal.  The PCR judge did not address this issue in his order.   Because this issue was not addressed by the PCR judge in his order, it has not been exhausted for purposes of this federal petition. *Coleman v. Thompson*, 501 U.S. at 732.  See also *Plyler v. State*, 424 S.E.2d 477, 478-480 (S.C.1992)(holding issue must be both raised to and ruled upon by PCR judge to be preserved for appellate review); Rule 59(e), SCRCP (providing avenue for any party to move to alter or amend a judgment if they believe necessary matters not addressed in original order).

The petitioner again agrees this issue was not exhausted, but he alleges "[t]he cause for default is clearly because the PCR court did not follow the law" and did not rule on this issue. (Pet.'s Mem. Opp. Summ. J. Mot. at 5.)  The failure of the PCR court to rule on this issue did not prevent the petitioner from filing a Rule 59(e) motion seeking a ruling. Obviously, the PCR court's failure to rule on this issue does not provide the petitioner with the cause and prejudice he needs to bypass the procedural default.  Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim.  *Coleman v. Thompson*, 501 U.S. at 750.   Accordingly, this issue is barred from federal habeas review.

In the fourth issue raised in Ground One, the petitioner alleges trial counsel was ineffective for opening the door to the State's introduction of impermissible character evidence. The PCR judge held that trial counsel's performance was not deficient and the petitioner had not suffered any prejudice. The court agrees.

To prove ineffective assistance of counsel, the petitioner must show that: (1) trial counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it falls below "an objective standard of reasonableness." *Id.* at 688. An attorney's performance prejudices the defense when his errors are "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

Prior to the trial, trial counsel moved to exclude evidence and testimony regarding the petitioner's drug usage. The trial court declined to rule at that time. (App. 26; 264-265.) The issue was not brought up during the petitioner's testimony. However, during the testimony of the petitioner's sister, Gladys Williams, the petitioner's trial counsel asked her to describe her brother to the jury. (App. 335.) She testified her brother was "nice," "pleasant to women", and "not . . . rowdy". (*Id.*) Subsequently, the solicitor made a motion asking the trial judge to permit questioning about the petitioner's recreational drug use, prior bad acts which were not the subject of a conviction, based upon trial counsel's "opening the door" when he asked the petitioner's sister to describer her brother. (App. 352.) The trial judge agreed finding trial counsel had opened the door to questioning regarding the petitioner's character. (App. 354.) The solicitor then asked Williams whether the petitioner used drugs. She denied any knowledge of his drug use and testified that he had never used drugs around her. (App. 358.)

At the PCR hearing, trial counsel testified that he disagreed with the trial judge's ruling, but he did not object to the questions because he felt Williams' testimony was helpful to the petitioner. (App. 127-37; 155-66; 175-78.) The PCR judge found that trial counsel

10

was not deficient and the petitioner was not prejudiced. (App. 187 - 188.) Specifically, the PCR judge found that the petitioner did not show any prejudice because Williams denied knowledge of any drug use by the petitioner. (App. 188.) The court also notes that the petitioner's other sister, Sarah Howell, was also questioned regarding the petitioner's character and she also denied any knowledge regarding the petitioner's drug usage. (App. 372.)  Because the petitioner's sisters denied the petitioner used drugs, there was no impermissible character evidence admitted which could have prejudiced the petitioner. Accordingly, the PCR court's decision denying the petitioner relief on this issue was not contrary to and did not involve an unreasonable application of any clearly established federal law.

**GROUND TWO**

In Ground Two, the petitioner alleges the trial court lacked subject matter jurisdiction to try him for murder because the indictment stated the cause of death was blunt force trauma and not carbon monoxide poisoning. The respondent contends that this allegation was procedurally defaulted because it was not raised at trial or on direct appeal. The respondent further contends this issue is procedurally defaulted because the PCR judge denied the petitioner relief on this issue and the petitioner did not raise this issue in his writ of certiorari. The petitioner agrees. (Pet.'s Mem. Opp. Summ. J. Mot. at 4.) However, he contends he can raise this issue in this habeas action because "[t]his is a clear violation of [his] constitutional rights and a miscarriage of justice." (*Id*.)

This issue does not raise a constitutional violation. A state court's determination that one of its courts had jurisdiction over a purely state law criminal charge is not a matter which is cognizable in federal habeas corpus. *Wright v. Angelone*, 151 F.3d 151 (4th Cir. 1998); *Wells v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976) (holding "[d]etermination of whether a state court is vested with jurisdiction under state law it is a function of the state courts, not the federal judiciary"). This issue regarding the petitioner's indictment does not

11

involve a lack of subject matter jurisdiction, as the petitioner asserts. A challenge to the sufficiency of the indictment does not implicate the subject matter jurisdiction of the state circuit court. *State v. Gentry*, 610 S.E.2d 494 (S.C. 2005)(holding "subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong"). "[S]ubject matter jurisdiction of the circuit court and the sufficiency of the indictment are two distinct concepts and the blending of these concepts serves only to confuse the issue. Circuit courts obviously have subject matter jurisdiction to try criminal matters." *Id.* at 499. The circuit court clearly had subject matter jurisdiction over the petitioner's case. Accordingly, this issue is without merit.

**GROUND THREE**

In Ground Three, the petitioner alleges a claim of actual innocence. The petitioner contends there are eyewitness that provide reasonable doubt that he committed this crime. He states four eyewitnesses testified at trial that the victim's son, Rudy Polite, was at the scene of the crime before, after, and during the time the crime was committed, but he was never investigated. The respondent submits that the petitioner's actual innocence allegation fails to state a claim which is cognizable in federal habeas corpus.

"Actual innocence" is not an independent claim, but only a method of excusing default. *O'Dell v. Netherland*, 95 F.3d 1214, 1246 (4th Cir.1996). Further, to prevail under this theory, a petitioner must produce new evidence that was not available at trial to establish his factual innocence. *Royal v. Taylor*, 188 F.3d 239 (4th Cir.1999). The petitioner must show that, if the new evidence were introduced, it is more likely than not that no jury would convict. *Id.* at 243-44. The petitioner has failed to point to any new evidence. Accordingly, this issue is barred from federal habeas review.

**GROUND FOUR**

In Ground Four, the petitioner alleges that he is entitled to a belated appeal. The respondent contends this issue is procedurally defaulted because the PCR judge did not

rule on this claim. The petitioner alleges he can show cause and prejudice based upon the PCR judge's failure to rule on this issue and the denial of his right to appeal constitutional violations. (Pet.'s Mem. Opp. Summ. J. Mot. at 5.) He contends the "PCR court did not follow the law" because all of the petitioner's issues were not addressed or ruled upon in the order denying him relief. The PCR judge's failure to rule on issues cannot also provide the petitioner cause to excuse the procedural bar. The undersigned finds that petitioner has failed to make the requisite showing to overcome this default, *Coleman v. Thompson*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray,* 477 U.S. at 490. Accordingly, this issue is barred from federal habeas review.

## CONCLUSION

Wherefore, it is RECOMMENDED that the Respondent's Motion for Summary Judgment (# 14) be GRANTED and the habeas petition be DISMISSED WITH PREJUDICE. IT IS SO RECOMMENDED.


                                            s/Bruce Howe Hendricks
                                            United States Magistrate Judge

January 31, 2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).