IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roger O'Neill Bostick,                )<br>                                                      )<br>                         Petitioner,    )<br>      vs.                                          )<br>                                                      )<br>Warden of Broad River Correctional  )<br>Institution,                                      )<br>                                                      )<br>                         Respondent.  )<br>_____ ) | Civil Action No.  8:07-727-JFA-BHH<br><br>**ORDER** |

Petitioner Roger Bostick, a state prisoner proceeding *pro se*, seeks habeas corpus relief under 28 U.S.C. § 2254 by way of a petition filed March 15, 2007. The petitioner is incarcerated in the Broad River Correctional Institution of the South Carolina Department of Corrections.  He was tried before a jury in state court, found guilty of murder, and sentenced to thirty years imprisonment.  He did not file a direct appeal of his conviction.

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation wherein he recommends that habeas relief should be denied and the respondent's motion for summary judgment[2] be granted.  The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment.  Petitioner did respond to the motion.

1

The petitioner was advised of his right to file objections to the Report and Recommendation. He filed a six-page objection memorandum[3] challenging all of the Magistrate Judge's recommendations. Therefore, the court reviews *de novo* the Magistrate Judge's finding with respect to each claim.

As the Magistrate Judge notes in the Report, the failure to assert a claim in an appeal taken from the denial of a state post-conviction petition, as required by state law, bars federal review absent cause and prejudice. *Coleman v. Thompson*, 501 U.S. 722 (1991); *U.S. v. Harris*, 183 F.3d 313, 317 (4th Cir. 1999) (holding that a petitioner who procedurally defaults on a claim by failing to raise it on review is barred from raising that claim under a federal habeas proceeding absent a showing of both cause for and actual prejudice from the default or actual innocence).

This court's *de novo* review is restricted by the deferential standard set forth in 28 U.S.C. §2254(d). *Williams v. Taylor*, 529 U.S. 362 (2000). Under this deferential standard, this court will only grant federal habeas relief under §2254(d) (1) and (2) where the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000).

---

[3] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

2

In Ground One, the petitioner alleges ineffective assistance of counsel on four issues, contending that trial counsel: (1) failed to investigate a statement made by a witness; (2) failed to object to the use of evidence that was obtained from a warrantless search and seizure; (3) failed to file a direct appeal; and (4) erred in placing petitioner's character in evidence at trial.

The respondent contends that petitioner has not exhausted the first and second of these issues as required by 28 U.S.C. § 2254(b)(1) because he did not raise them in his petition for writ of certiorari in state court. The petitioner concedes this fact, but asserts he can show cause and prejudice for the procedural default. However, the Magistrate Judge correctly opines that to the extent the petitioner blames his counsel for the default, such a cause is not sufficient to excuse the default because he does not have a constitutional right to effective assistance of PCR counsel. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); and *Mackall v. Angelone*, 131 F.3d 442, 448 (4th Cir. 1997). Accordingly, this court agrees with the Magistrate Judge that the first and second issues raised in petitioner's ineffective assistance of counsel ground are barred.

As to third issue—counsel's failure to file a direct appeal—the Magistrate Judge suggests that because such issue was not addressed by the PCR judge, it has not been exhausted for purposes of this federal petition. The petitioner contends that the PCR court erred in not following the law and ruling on this issue. However, the petitioner did not file a Rule 59(e) motion seeking a ruling. The PCR court's alleged failure to rule on this issue does not provide the petitioner with the required cause and prejudice he needs to bypass the procedural default. Accordingly, this issue is barred from federal habeas review as well.

Petitioner objects to the Magistrate's recommendation as to the first three issues in Ground One. He contends the Magistrate never addresses the merits of these issues and that he overlooked Rule 52(A) of the South Carolina Rules of Civil Procedure. This argument was brought by the petitioner in response to the respondent's motion for summary judgement and has been properly addressed by the Magistrate Judge. The undersigned agrees with the Magistrate Judge and overrules petitioner's objection.

As to the fourth issue in Ground One, the petitioner claims his trial counsel erred when he opened the door and allowed the State to introduce impermissible character evidence. As the Magistrate Judge notes, the PCR judge found no deficiency in trial counsel's performance in this regard, nor did he find any prejudice to the petitioner.

The Supreme Court of the United States has outlined a two-pronged test to determine whether the assistance of counsel in a criminal proceeding is constitutionally defective. *Strickland v. Washington*, 466 U.S. 688, 694 (1984). Under the first prong, the petitioner must show that counsel's actions fall below an objective standard of reasonableness in violation of the petitioner's Sixth Amendment guarantee of effective counsel. *Id.* at 687-88. If the petitioner meets the requirement of the first prong, the court will not grant relief for ineffective assistance of counsel unless the petitioner satisfies the second prong by showing that trial counsel's failure to meet the objectively reasonable standard prejudiced the defense and deprived the petitioner of a fair trial. *Id.* at 691-92. Using the *Strickland* analysis, the Magistrate Judge suggests that the PCR court's finding is correct and the undersigned agrees.

Petitioner contends in Ground Two that the trial court lacked subject matter jurisdiction to try him for murder because the indictment stated that the cause of death was

4

blunt force trauma and not carbon monoxide poisoning. The respondent contends that this allegation was procedurally defaulted because it was not raised at trial or on direct appeal. The petitioner agrees with respondent's procedural default assertion, but contends he is still permitted to raise this issue because it is a clear violation of his constitutional rights and a miscarriage of justice.

However, the Magistrate Judge suggests that this issue does not raise a constitutional violation because a challenge to the sufficiency of the indictment does not implicate the subject matter jurisdiction of the state circuit court. *State v. Gentry*, 610 S.E.2d 494 (S.C. 2005). In his objections to the Report, petitioner merely contends that the Magistrate first agreed with him in his response in opposition, then "totally disregarded the applicable Federal Law raised by the Petitioner..." The court agrees with the Magistrate Judge that Ground Two is without merit, and petitioner's objection is overruled.

The petitioner claims he was actually innocent of the charges in Ground Three. The Magistrate Judge correctly notes that this is not an independent claim, but only a method of excusing default. As such, the Magistrate Judge opines that the petitioner failed to point to any new evidence, and thus this issue is barred from federal habeas review. The petitioner objects to this recommendation asserting that the Magistrate's statement concerning Rudy Polite further supports and gives credence to petitioner's claim. On the contrary, the Magistrate Judge's statement on page 12 is merely a restatement of *petitioner's* claim and hardly suggests that the Magistrate Judge found merit in the claim. This court agrees with the Magistrate's recommendation and petitioner's objection is overruled.

5

In Ground Four, petitioner alleges he is entitled to a belated appeal. The respondent contends that this issue is procedurally defaulted because the PCR judge did not rule on this claim. The petitioner, despite his claim that he can show cause and prejudice, cannot make the requisite showing to overcome this default. The Magistrate Judge thus concludes this issue is barred from federal habeas review, and the undersigned agrees. Petitioner's objection is without merit.

After carefully reviewing the applicable law, the record in this case, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference.

Accordingly, respondent's motion for summary judgment is granted and the habeas petition is denied.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

February 20, 2008  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge